**FILED**

**MAR 1 7 2026**

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ CR
DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

**RECEIVED**

MAR 17 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**JOHNATHAN DANIEL GWYN,**
Plaintiff,

v.

**TRAVIS COUNTY, TEXAS;**
**TRAVIS COUNTY DOMESTIC RELATIONS OFFICE;**
**STATE OF TEXAS – OFFICE OF THE ATTORNEY**
**GENERAL, CHILD SUPPORT DIVISION;**
**AND DOES 1-10, INCLUSIVE,**
Defendants.

**1:26 CV 00650 DAE**

Case No.: _____
*(To be assigned by Clerk)*

# FEDERAL COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DECLARATORY RELIEF

*(42 U.S.C. § 1983; Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202)*

## I. INTRODUCTION

- This is a civil action brought by Johnathan Daniel Gwyn ("Plaintiff"), a private citizen and Trustee, seeking redress for the deprivation of rights secured by the Constitution and laws of the United States. This action arises from the unlawful enforcement of child support orders, the denial of due process, the illegal use of contempt proceedings to collect civil debt, and the undisclosed securitization of private obligations without full disclosure or standing.

## II. JURISDICTION AND VENUE

- This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question) as the claims arise under the Constitution and laws of the United States, including 42

JOHNATHAN GWYN ESTATE
17914 WINDMILL RD
DAMON TX 77439

6974 1 AB 0.641
AUSTIN U.S. DISTRICT CLERK'S OFFICE
501 W 5th St Ste 1100
Austin, TX 78701-3812

000143274
P2 T20 R6974

00001432740697401

U.S.C. § 1983 and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

- This Court has jurisdiction to issue declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.
- This Court has supplemental jurisdiction over any state law claims, if any, pursuant to 28 U.S.C. § 1367.
- Venue is proper in the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b), as the Defendants are located within this district and the events giving rise to the claims occurred in Travis County, Texas.
- Mailing address for the Court: U.S. District Clerk's Office, 501 West Fifth Street, Suite 1100, Austin, Texas 78701.

## III. PARTIES

- **Plaintiff:** Johnathan Daniel Gwyn is a natural man, acting in his capacity as a private citizen, currently residing in the State of Texas.
- **Defendant Travis County, Texas:** A political subdivision of the State of Texas that, through its departments, officers, agents, and policymakers, participates in and/or facilitates domestic relations and child support enforcement actions, including the practices complained of herein.
- **Defendant Travis County Domestic Relations Office ("DRO"):** A Travis County office/department that participates in and/or facilitates child support and domestic relations enforcement activities in Travis County, Texas, including actions taken in connection with Cause No. D-1-FM-05-001521.
- **Defendant State of Texas – Office of the Attorney General, Child Support Division ("OAG-CSD"):** The state agency division responsible for child support enforcement under Title IV-D of the Social Security Act, including collection, enforcement, and referral for contempt proceedings.
- **DOE Defendants 1–10:** Unknown individuals and/or entities who, acting under color of state law, participated in the acts and omissions alleged herein. Plaintiff will amend this Complaint to substitute true names when ascertained.

## IV. STATEMENT OF FACTS

- This dispute stems from proceedings in **Cause No. D-1-FM-05-001521** in the 353rd Judicial District of Travis County, Texas (the "State Case").
- Plaintiff alleges that Defendants, individually and in concert, have used state child support enforcement mechanisms as a revenue and collection system, including the use of civil contempt and threatened incarceration to compel payment of alleged arrears without constitutionally required safeguards.
- Plaintiff alleges that, on multiple occasions, Defendants sought to enforce alleged financial obligations through the threat of incarceration via contempt of court without conducting a meaningful and constitutionally adequate "ability-to-pay" determination.
- Under *Bearden v. Georgia*, 461 U.S. 660 (1983), due process and equal protection principles prohibit incarceration for nonpayment absent a finding that the person had the ability to pay and willfully refused, or that adequate alternative measures are insufficient.
- Under *Turner v. Rogers*, 564 U.S. 431 (2011), when incarceration is a potential outcome in a child support contempt proceeding, the Fourteenth Amendment requires fundamentally fair procedures, including, at minimum, a meaningful inquiry into ability to pay and safeguards that reduce the risk of erroneous deprivation of liberty.
- Plaintiff alleges Defendants failed to provide Plaintiff with the required procedural safeguards and instead used contempt proceedings and related enforcement measures in a manner that functions as an unconstitutional "debtor's prison."
- Plaintiff further alleges that the alleged obligation has been treated as a commercial receivable and monetized, including through securitization and/or assignment practices undertaken without full disclosure to Plaintiff and without requiring Defendants to prove the real party in interest and lawful standing for enforcement.
- Plaintiff alleges that Defendants' practices include using civil contempt as a debt collection tool for an alleged commercial

debt (child support) and continuing enforcement notwithstanding disputes as to standing, accounting, and the validity of the underlying orders.

- Plaintiff challenges the jurisdiction and authority exercised against him in the State Case, including whether the 353rd Judicial District of Travis County had and/or has lawful jurisdiction to issue and enforce the challenged orders and whether enforcement has been pursued in a manner inconsistent with the United States Constitution.

## V. CLAIMS FOR RELIEF
## COUNT I   Violation of Civil Rights – 42 U.S.C. § 1983
## (Deprivation of Due Process and Equal Protection)

- Plaintiff realleges and incorporates by reference all prior paragraphs as if fully set forth herein.
- Defendants acted under color of state law and pursuant to customs, policies, practices, and/or decisions of final policymakers to deprive Plaintiff of rights secured by the United States Constitution.
- Defendants deprived Plaintiff of liberty and property without due process of law by pursuing enforcement measures, including contempt and threatened incarceration, without a meaningful and constitutionally adequate determination of Plaintiff's present ability to pay and without required procedural safeguards.
- Defendants denied Plaintiff equal protection of the laws by applying enforcement practices that punish indigency and treat nonpayment as willful without adequate inquiry, thereby impermissibly discriminating against individuals who lack the present ability to pay.

## COUNT II   Deprivation of Rights Under Color of Law   (18 U.S.C. §§ 241, 242 — pleaded as predicate misconduct supporting § 1983 and declaratory relief)

- Plaintiff realleges and incorporates by reference all prior paragraphs.

- Plaintiff alleges Defendants' acts and omissions were undertaken under color of law and resulted in the deprivation of rights secured by the Constitution, including liberty interests protected by the Fourteenth Amendment.
- To the extent 18 U.S.C. §§ 241 and 242 are criminal statutes, Plaintiff pleads the conduct described herein as wrongful acts undertaken under color of law that support Plaintiff's civil claims under 42 U.S.C. § 1983 and his request for declaratory and injunctive relief.

**COUNT III   Failure to Conduct Ability-to-Pay Hearings / Unconstitutional Incarceration Threat   (Bearden v. Georgia; Turner v. Rogers)**

- Plaintiff realleges and incorporates by reference all prior paragraphs.
- Defendants pursued contempt and/or coercive enforcement measures where incarceration was threatened or reasonably foreseeable without making required findings regarding Plaintiff's current ability to pay and willfulness, and without implementing alternative measures where appropriate.
- Defendants' failure to conduct constitutionally adequate ability-to-pay determinations violates due process and equal protection as articulated in *Bearden* and *Turner*.

**COUNT IV   Securitization Fraud / Lack of Standing / Improper Use of Civil Contempt as Debt Collection**

- Plaintiff realleges and incorporates by reference all prior paragraphs.
- Plaintiff alleges that the asserted child support obligation has been treated as a commercial receivable and monetized, including via securitization and/or assignment, without full disclosure and without requiring Defendants to prove the real party in interest and standing to enforce.
- Plaintiff alleges Defendants used and/or facilitated the use of civil contempt as a debt collection tool for an alleged commercial debt, including by seeking incarceration as coercion

in the absence of constitutionally required findings and safeguards.
- Plaintiff alleges Defendants' conduct resulted in unlawful collection practices, deprivation of property, and threatened deprivation of liberty without due process.

## COUNT V  Declaratory Relief – Orders Void / Jurisdictional Challenge  (28 U.S.C. §§ 2201–2202; Challenge to State Case jurisdiction in Cause No. D-1-FM-05-001521)

- Plaintiff realleges and incorporates by reference all prior paragraphs.
- An actual controversy exists between Plaintiff and Defendants concerning the validity and enforeeability of the underlying orders and enforcement actions in Cause No. D-1-FM-05-001521.
- Plaintiff seeks a declaration that the challenged orders and enforcement actions are void and/or unenforceable to the extent they were entered and/or enforced without lawful jurisdiction and/or in violation of Plaintiff's federal constitutional rights, including due process and equal protection.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Johnathan Daniel Gwyn respectfully requests that this Court:

A. Issue a Declaratory Judgment that the underlying orders and enforcement actions in Cause No. D-1-FM-05-001521 are void and/or unenforceable to the extent they were entered and/or enforced without lawful jurisdiction and/or in violation of the United States Constitution;   B. Issue a Declaratory Judgment that Defendants' practices described herein violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment, including as articulated in *Bearden v. Georgia* and *Turner v. Rogers*;   C. Issue an immediate stay and/or temporary restraining order and preliminary injunction prohibiting Defendants, their agents, and persons in active concert with them from further collection, enforcement, license suspension, arrest, incarceration, and/or contempt actions against Plaintiff arising from the challenged orders while this action is

pending;   D. Award Plaintiff compensatory damages in an amount to be determined at trial for loss of liberty, emotional distress, and financial harm caused by Defendants' federal rights violations;   E. Award Plaintiff punitive damages where permitted by law for willful and wanton disregard of Plaintiff's constitutional rights;   F. Award Plaintiff the costs of this action and any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.
Respectfully submitted,
Dated: March 5, 2026
**Johnathan Daniel Gwyn, Plaintiff Sui Juris**
10515 Bellaire Ave, Suite J
Houston, Texas 77072
Email: filmjg@gmail.com | Phone: 713-309-6771

## VERIFICATION

I, Johnathan Daniel Gwyn, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.
Executed on this 5th day of March, 2026.

**Johnathan Daniel Gwyn**